(No. 6026—)

RALPH VANCIL, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1972.*

LANSDEN AND LANSDEN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

For labor and materials furnished to the State, the claimant initially filed a claim in this cause for the amount of $2,498.78. Subsequently, the ad damnum was reduced to $2,253.75, because the original complaint contained certain items for which claimant apparently had been paid.

Claimant had originally contracted with the Illinois Building Authority to work at the 60-boy Forestry Camp in Dixon Springs, Illinois. That contract work was completed by the claimant and fully paid for by the State. This claim is based on extra work done at the request of one John Lovelock of the Department of Corrections who was Administrative Assistant to the Supervisor of Forestry Camps. The record contains a letter from Peter B. Bensinger, Director of the Department of Corrections, addressed to the Attorney General's office, indicating that the Supervisor of Forestry recommended payment of the claim based on valid billing and due to the fact that the work was not part of the original IBA contract.

Further, there is in the record a copy of a letter from Charles Martini, Coordinating Architect, addressed to Albert Paga, State Supervising Architect, explaining that the IBA could not pay the bill since it had not approved the additional work prior to the time it was done, and because the change order was submitted *after* the work was completed. It appears, however, that the work done by claimant was in the nature of an emergency. The facility was needed to accommodate boys who were coming in to the Camp. Claimant was on the job, boys were coming in, and there was no way to feed them or wash their clothes without the additional work finished by claimant.

Respondent acknowledges the merits of this claim.

However, in analyzing the claim, it appears to this Court that, in the first instance, claimant was lax in including items for which he had previously been paid. In addition, the computation of the claim contains an item for Supervision at 25% and Insurance and Taxes at 20%, but nowhere in the testimony is there any evidence to support these items as being proper. If these were proper, claimant should have submitted proof to substantiate their inclusion. There was testimony offered in support of the 15% for Overhead and 10% for Profit as being reasonable and customary charges. Also, it is noted in the itemization of the claim, the 25% amount for Supervision is stated at the same figure as the 20% amount for Insurance and Taxes. Thus, the claim is a bit casual in its original inception and in its final form.

This Court believes claimant is entitled to be compensated; and based on the records, we are allowing the following:

| | |
|---|---:|
| Cost of materials | $ 353.62 |
| Labor | 952.00 |
| Total | $1,305.62 |
| Overhead 15% | 195.78 |
| Total | $1,501.40 |
| Profit 10% | 150.14 |
| Total Allowed | $1,651.54 |

Claim allowed in the amount of $1,651.54.